## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CR-0472-SCJ |
| DEMARCUS RAGLAND, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## ORDER

This matter appears before the Court for consideration of the magistrate judge's August 16, 2011 Report and Recommendation ("R&R") [Doc. No. 32], in which The Honorable Janet F. King, United States Magistrate Judge, recommended that the Defendant's Motion to Suppress Statements [Doc. No. 14] and Motion to Suppress Evidence [Doc. No. 15] be denied.

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(2), and the Court's filing extension order [Doc. No. 36], the Defendant timely filed an objection. Doc. No. 37. Defendant specifically objects to the following: (1) the magistrate judge's two findings of fact that (a) the Fulton County sheriff's deputies observed what they believed to be a hand to hand drug transaction "as they approached and turned onto Hill Avenue" and (b) the magistrate's conclusion that the deputies turned onto Hill Avenue "because of their observation" of the supposed

transaction (R&R at 4); (2) the magistrate judge's conclusion that the two officers were credible, due to inconsistencies in the testimony regarding the initial observation and approach (R&R at 2, 9); and (3) the magistrate's finding that Defendant Ragland entirely abandoned his motion to suppress statements (R&R at 1-2).

The Government has not filed a response to the objection.

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). The district judge must "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation." United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam).[1] The Court has read the transcript of the hearing in the case *sub judice* and will address each of the Defendant's objections in turn.[2]

---

[1]See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

[2]See also United States v. Powell, 628 F.3d 1254, 1257 (11th Cir. 2010) (holding that a district judge may not reject a magistrate judge's credibility determination without first re-hearing the disputed testimony) and  United States v. Dorvilus, 357 F. App'x 239, 244 (11th Cir. 2009) (citing United States v. Raddatz, 447 U.S. 667, 674–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)) (holding that a district judge, however, "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings.").

2

**Objection 1 – findings of fact**

As stated above, the Defendant objects to two findings of fact by the magistrate judge: (1) that the Fulton County sheriff's deputies observed what they believed to be a hand to hand drug transaction as they approached and turned on Hill Avenue and (2) the conclusion that the deputies turned on Hill Avenue "because of their observations" of the supposed transaction. Doc. No. 37, 1.

The specific language of the magistrate's R&R is as follows:

> The deputies were on Northside Drive, and as they approached and turned onto Hill Avenue, they observed two black males standing in the middle of the street conducting what the deputies believed to be a hand-to-hand drug transaction. (Tr. at 8-9, 22-23, 45-48; Def. Ex. 3).4 The deputies made the turn onto Hill Avenue, which was a one-way street, going the wrong way, because of their observation of one of the men reaching his hand out to the second man, "like, he passed off something." (Tr. at 8, 22-23). R&R, Doc. No. 32, 4.

The magistrate went on to state:

> The court does not find that Deputy Moreland changed his story about his observations. He always testified that he saw the men interacting from Northside Drive which caused the deputies to turn onto Hill Avenue.
> . . . .
> Finally, the demeanor and manner in which the deputies testified, fully answering all of the questions put to them, indicates that they related to the best of their ability what they observed on October 7, 2010.    R&R, Doc. No. 32,9 & 10.

3

Defendant Ragland argues that the testimony was inconsistent on this point in that Deputy Sheriff David Moreland (the deputy who encountered Defendant Ragland on the night in question) first said he turned from Northside Drive up Hill Avenue because he felt that criminal activity was taking place, then he said that he saw Defendant Ragland as, or after, he turned up Hill Avenue. Doc. No. 37, 1.

The Defendant also references the Court to the points in the transcript which show that Deputy Moreland testified that the second man, allegedly involved in the hand to hand transaction with the Defendant was searched (Tr. at 24) ; however, Deputy Moreland's partner, Deputy Sheriff Shedrick Reid (who was also present on the night in question) testified that the second man was not searched (Tr. at 46).[3]

The Defendant argues that the inconsistency (in the first instance) is important because the officers' conduct in not searching one of the two men they

_____

[3]As stated by the Magistrate Judge in the Report and Recommendation (Doc. No. 32, 5 n.5):

> Deputy Reid stated that he approached the second male, whose name he did not remember, and asked him if he had any drugs. The man replied that he did not. (Tr. at 45). The deputy did not search the man and accepted his word that he was heading to a nearby store. (Tr. at 46, 50). When the deputy determined that the man did not have any outstanding warrants, he was allowed to leave. (Tr. at 45).

AO 72A
(Rev.8/82)

saw involved in a hand to hand transaction is "incredible if they indeed saw what they testified they saw."  Doc. No. 37, 2.

The Eleventh Circuit has held that in evaluating the factual version of events between the law enforcement officers and defendants and other witnesses, the Court defers to the magistrate judge's determinations unless the magistrate's understanding of the facts appears to be "unbelievable."  United States v. Ramirez–Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

In reviewing the transcript, the Court is unable to conclude that there is a inconsistency in the exact manner the Defendant asserts.  The Court will set forth the exact portions of the transcript here:

> Q. I MEAN, WHAT HAPPENED IN THE DATE IN QUESTION, IF ANYTHING?
>> A. MYSELF AND MY PARTNER WAS PATROLLING THE AREA. AS WE COME UP HILL SIDE -- OR HILL -- HILL AVENUE AND SAW TWO BLACK MALES STANDING IN THE STREET AND WHAT LOOKED LIKE TO BE A HAND-TO-HAND TRANSACTION.
>
> . . . .
>
> Q. FROM WHAT DIRECTION DID YOU APPROACH HILL STREET?
>> A. WE WERE COMING DOWN NORTHSIDE DRIVE AWAY FROM THE STADIUM, AND WE TURNED LEFT.
>
> . . . .
>
> Q. AND HILL STREET IS ONE WAY, IS IT NOT?

A. THAT'S CORRECT.

. . . .

Q. **WHY DID YOU DECIDE TO GO UP THE WRONG WAY UP HILL STREET?**
  A. JUST LIKE I SPOKE PREVIOUSLY, **I FELT THERE WAS SOME CRIMINAL ACTIVITY TAKING PLACE.**

 Q. **WAS THAT BEFORE OR AFTER YOU SAW MR. RAGLAND?**
  A. **THAT WAS WHILE I SAW MR. RAGLAND.** I SAW HIM DOING THE CRIMINAL ACTIVITY.

Q. **SO YOU SAW HIM FROM NORTHSIDE DRIVE DOING A HAND-TO-HAND SALE?**
  A. **YES. ONCE I TURNED UP HILL STREET, YES, MA'AM.**
Q. ALL RIGHT. LET'S GO BACK.
  A. OKAY.

Q. **YOU SAID YOU DECIDED TO TURN DOWN HILL STREET BECAUSE YOU SAW CRIMINAL ACTIVITY?**
  A. **WHAT I ASSUMED TO BE CRIMINAL ACTIVITY WITH MR. RAGLAND TURNING UP HILL STREET.**

Q. OKAY. SO YOU TURNED -- OKAY. AND THEN YOU SAY **YOU SAW CRIMINAL ACTIVITY AND A HAND-TO-HAND SALE. TELL ME EXACTLY WHAT THAT MEANS. WHAT DID YOU ACTUALLY SEE?**
  A. I SAW TWO GENTLEMEN STANDING IN THE ROAD, AND I SEEN ONE EXTEND HIS HAND OUT, THE OTHER ONE EXTEND HIS HAND OUT, AND LOOK **AS IF TO PASS OFF SOMETHING.**
Tr. at 8, lines 15-19; Tr. at 22, lines 18-21 and 24-25; and Tr. at 23, lines 3-24 (emphasis added).

6

After reviewing this testimony, the Court concludes that the magistrate's finding of fact are consistent with the transcript. The magistrate's findings are not unbelievable so as to warrant non-acceptance of those findings. See Ramirez–Chilel, 289 F.3d at 749.

In further reviewing the transcript, the Court agrees that there is an inconsistency in the testimony regarding whether the second man was searched; however, this inconsistency does not go to the merits of the legality of the Defendant's search and seizure. The Court finds that this inconsistency goes to the officers' credibility and that the arguments asserted by the Defendant to this regard are credibility arguments. Cf. U.S. v. Salley, 341 F.App'x 498, 501 n.4 (11th Cir. 2009) (recognizing a contradiction in an officer's testimony and addressing substantive claim on credibility grounds). As stated in the next section of this order, the Court will uphold the magistrate's credibility determinations.

**Objection 2 – credibility determinations**

The Defendant also objects to the magistrate judge's conclusion that the two officers were credible, due to alleged inconsistencies in the testimony regarding the initial observation and approach, Doc. No. 37, 2.

7

A review of the R&R shows that in assessing the officers' credibility, the magistrate considered the factual circumstances, inclusive of the initial approach, lighting, and lack of search of the second man.  The magistrate went on to provide her reasoning for finding the officers credible.

As stated above, in evaluating the factual version of events between the law enforcement officers and defendants and other witnesses, the Court defers to the magistrate judge's determinations unless the magistrate's understanding of the facts appears to be "unbelievable."  United States v. Ramirez–Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

The Court finds that the magistrate's determinations are not unbelievable so as to warrant non-acceptance of those determinations.  The reasons given by the magistrate judge for finding the two officers credible witnesses are reasonable and justified.  See United States v. Emanuel, No. 10-14764, 2011 WL 4376191, at * 1 (11th Cir. Sept. 21, 2011) ("Given the substantial level of deference to the factfinder, we defer to the magistrate's credibility determination, because the magistrate's understanding of the facts of the interview does not appear to be unbelievable . . . . [defendant] has failed to show that the magistrate's understanding of the facts is not plausible or permissible . . . .").

**Objection 3 – status of the motion to suppress statements**

The Defendant also objects to the magistrate's finding that Defendant Ragland entirely abandoned his motion to suppress statements (R&R at 1-2). Defendant argues that he preserved his motion to the limited extent that he did argue that the statements allegedly made by him should be suppressed as fruits of the poisonous tree.  Doc. No. 37, 3.

A review of the record shows that Defendant's Motion to Suppress Statements is based upon the voluntariness of the Defendant's statement and the validity of any <u>Miranda</u> waiver. Doc. No. 14.

In the R&R, the magistrate found that "Defendant abandoned any challenge to the admissibility of [his] statements when he failed to mention the statements in his post-hearing brief."  Doc. No. 32, 1.  The magistrate went on to hold that "in any event, the statements are admissible as spontaneous and volunteered statements that were not the result of interrogation or the functional equivalent of interrogation."  <u>Id.</u> at 2.

The Court notes that in the very last sentence of his post-hearing brief in support of his motion to suppress [Doc. No. 25, 6], Defendant stated: "the statements Mr. Ragland allegedly made to the officers should be suppressed as fruits of the poisonous tree." [Doc. No. 25, 6].

AO 72A
(Rev.8/82)

After considering the Defendant's written motion (which as stated above, it based upon voluntariness and validity of any <u>Miranda</u> waiver), the Court agrees with the magistrate that Defendant's failure to brief the grounds of the motion has resulted in abandonment and waiver of that motion.

The Court will, however, permit the Defendant's brief argument regarding his post-arrest statements (in the context of the fruit of the poisonous tree doctrine) to stand preserved for purposes of appellate review and to fall under the Defendant's general suppression motion at Doc. No. 15.  In regard to the Defendant's fruit of the poisonous tree argument, the Court hereby adopts the magistrate's findings and recommendation regarding the legality of the Defendant's search and seizure.  Accordingly, since the Defendant's search and seizure were legal and not in violation of the Fourth Amendment, it follows that his post-arrest statements are not fruits of a poisonous tree.  <u>See</u> <u>United States v. Lopez-Garcia</u>, 565 F.3d 1306, 1315 (11th Cir. 2009) (holding that defendant's "Fourth Amendment fruit of the poisonous tree argument plainly collapses since . . . his Fourth Amendment rights were never violated.  Since his seizure and arrest were constitutional, neither of his subsequent statements was tainted by those events.").

AO 72A
(Rev.8/82)

## CONCLUSION

The Report and Recommendation ("R&R") [Doc. No. 32] is hereby **ADOPTED** as the order of the court, with the following modification.  Having upheld the legality of the Defendant's search and seizure, the Court is unable to uphold the Defendant's argument regarding his post-arrest statements constituting fruit of a poisonous tree.  The Court will, however, consider this argument preserved for purposes of appellate review.

The Defendant's objections to said Report and Recommendation [Doc. No. 37] are hereby **OVERRULED**.

The Defendant's Motion to Suppress Statements [Doc. No. 14] is hereby **DENIED**.

The Defendant's Motion to Suppress Evidence [Doc. No. 15] is hereby **DENIED**.

**IT IS SO ORDERED**, this 3rd day of October, 2011.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)